ORDER
(Granting Summary Judgment)
AMANDA L. ROCKMAN, Interim Chief Judge.
INTRODUCTION
The Court must determine whether to grant the plaintiffs’ Motion for Summuri) *511 Judgment. The Court finds that there are no genuine issues as to material fact and that the plaintiffs are entitled to judgment as a matter of law. The analysis of the Court follows below.
PROCEDURAL HISTORY
The Court significantly recounts the procedural history of this case in its previous Order (Addressing the Summary Judgment Motion Hearing and Requiring Further Briefing), CV 10-37 (HCN Tr. Ct., Mar. 29, 2011) at 1-3. For the purposes of this decision, the plaintiffs timely filed Plaintiffs Brief in Response to Court’s Further Briefing in Support of Motion for Summary Judgment on April 28, 2011. The defendant failed to file a brief as requested by the Court. Id. at 7.
APPLICABLE LAW
EMPLOYMENT RELATIONS ACT OF 2004
3. Declaration of Policy.
a. This Employment Relations Act is the official employment law of the Ho-Chunk Nation. It supersedes the Nation’s Personnel Policies and Procedures Manual and all policies, rules, and regulations enacted by Legislative resolutions pertaining to the employment law of the Nation.
b. This Act is applicable to all employees (non-enterprise and enterprise) of the Ho-Chunk Nation.
30. Employee Conduct.
a. Employees are responsible and accountable for adhering to all Tribal laws, policies, rules, directives, and procedures enacted and established by the Nation or appropriate Executive Staff.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 55. Summary Judgment.
Any time after the date an Answer is due or filed, a party may file a Motion for Summary Judgment on any or all of the issues presented in the action. The Court will render Summary Judgment in favor of the moving party if there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgment, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered *512 denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgment, Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(D) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (8) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged, or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
HO-CHUNK NATION GAMING OPERATIONS CLASS II INTERNAL CONTROL MANUAL
2.1. Bank Room Department Overview
(B) Bank Room Supervisory Personnel
(1) The bank room supervisors shall be responsible for:
(a)The custody of cash, cash equivalents, documents and records normally associated with the operalion of a bank.
(b) The control and supervision of the bank room.
(c) The control and supervision of the cashier windows, the pull-tab payout window, and the bingo payout window.
(d) Determining imprest amounts.
(e) Such other functions normally associated with the operation of a bank.
HO-CHUNK NATION CLASS III GAMING OPERATIONS, VARIANCE POLICY FOR CLASS III OPERATIONS
Appendix # 6
VI. Shortages
A. All individuals verified unrecovered shortages of $40.00 or more must be repaid immediately by the employee or taken directly from the responsible employees paycheck through the use of payroll deduction form.
FINDINGS OF FACT
The Court afforded the parties twenty (20) days to object to the undisputed facts as presented in its Order (Addressing the Summary Judgment Motion Hearing and Requiring Further Briefing). CV 10-37 (HCN Tr. Ct., Mar. 29, 2011) at 6. Neither party objected. Therefore, the following undisputed facts reflect common assertions of the parties and references to “documents subject to public inspection.” HCN R. Civ. P. 31(A)(5).
1. The parties received proper notice of the December 29, 2010 Motion Hearing.
2, The plaintiff, Ho-Chunk Nation (hereinafter HCN or Nation), is a federally recognized Indian tribe with principal offices located on trust lands at the HCN Headquarters, W9814 Airport Road, P.O. *513 Box 667, Black River Falls, WI 54615. See 74 Fed.Reg. 40218 (Aug. 11, 2009). The plaintiff, Business Department, is an HCN executive department, located at the HCN Headquarters. See Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VI, § 1(b).
3. The plaintiff, HCN DeJope Gaming, a division within the Business Department, is located on trust lands at 4002 Evan Acres Road, Madison, WI 53718. See Dep’t of Bus. Establishment & Org. Act of 2001, 1 HCC § 3.5c (on file with Bus. Dep’t). Compl. at 2.
4. The defendant, Nicole Koenig, is nonmember, and former Cage Shift Supervisor at HCN DeJope Gaming. She resides at 240 Pinnacle Drive, Lake Mills, WI 53551. Id.
5. On August 18, 2008, the defendant was employed as a Cage Shift Supervisor. Id. at 3.
6. On the same date, HCN DeJope Gaming Cage Cashier, Christopher Hillmer filled the cassettes for Kiosk # 1. Id., Attach. 4.
7. The defendant counted the straps on the lids of the cassettes. Id.
8. During the subsequent thirty minutes, Mr. Hillmer unsecured the straps and placed the bills into cassettes. Id.
9. Mr. Hillmer exited the vault into the mantrap with the four (4) cassettes, and awaited a security escort. Compl., Attach. 4.
10. Security Officer Brian Nicholas and Mr. Hillmer went to the cage and Kiosk # 1. Id. Mr. Hillmer loaded the kiosk, and the Security Officer checked that it was secure. Id.
11. The defendant did not stay with Mr. Hillmer and supervise him while these procedures were conducted. Mot. For Summary J. at 3.
12. A patron later complained that he was shortchanged. Compl. at 3.
13. The defendant, Mr. Hillmer, and a Security Officer checked Kiosk # 1, and determined that the cassettes contained inappropriate bills.
14. Due to the error, patrons mistakenly received $1,365.00.
15. The defendant provided a Cash Count Sheet, which indicated an outgoing and incoming cashier. Mot. (Nov. 2, 2010) at 2.
The Court also makes additional findings of fact based on the record and subsequent uneontested submissions made by the plaintiffs.
16. Pursuant to the Ho-Chunk Nation Gaming Operations Class II Internal Control Manual, Sec. 2(B), the defendant is jointly responsible for the $1,365.00 shortage.
17. Pursuant to the Ho-Chunk Nation Class III Gaming Operations, Variance Policy for Class III Operations, Appendix 6, Sec. VI(A), the shortage must be paid immediately by the employee or taken from the employee’s paycheck.
18. The defendant owes $682.50 to the plaintiffs as one half of the total shortage has been attributed to Mr. Hillmer.
19. The defendant refused to sign a Wage Assignment for $682.50. Compl. at 4.
20. The defendant was terminated on September 24, 2008. Id.
21. At the time of her termination, the defendant did not have any sick or vacation time accrued from which to deduct the $682.50. Id.
DECISION
The Court previously found there was no genuine issue as to material fact in this case. Order (Addressing the Sum. J. Mot. *514 Hr’g and Requiring Further Briefing), CV 10-37 (HCN Tr. CL, Mar. 29, 2011) at 6. However, in order for summary judgment to be granted, the plaintiffs needed to show they were also entitled to judgment as a matter of law. HCN R. Civ. P. 55. At the request of the Court, the plaintiffs submitted a brief indicating a source of law requiring the defendant to be responsible for the shortage error in question. Pis.’ Br. In Resp. to Court’s Further Briefing in Supp. of Mot. for Surnm. J.
The Court accepts the plaintiffs’ argument that the defendant had a duty to observe all Cage Cashiers in the vault and at the kiosk. M at 5-6. The Ho-Chunk Nation Gaming Operations Class II internal Control Manual[1], Section 2(B) states:
(2) The bank room supervisors shall be responsible for:
(a) The custody of cash, cash equivalents, documents and records normally associated with the operation of a bank.
(b) The control and supervision of the bank room.
(c) The control and supervision of the cashier windows, the pull-tab payout window, and the bingo payout window.
(d) Determining imprest amounts.
(e) Such other functions normally associated with the operation of a bank.
The expansive language in this manual supports the plaintiffs’ argument that the defendant is responsible for any shortage which occurs under her supervision. Pls.’ Br. In Resp. to Court’s Further Briefing in Supp. of Mot. for Summ. J. at 7. As Cage Shift Supervisor, the defendant was responsible for the shortage caused by the mistake made by the Cage Cashier, her subordinate.[2]
The plaintiffs’ brief also included a source of law requiring the defendant to be responsible for one half (1/2) of the total shortage amount. Id. The Ho-Chunk Nation Class III Gaming Operations, variance policy for Class III Operations, Appendix 6, Section VI states:
A. All individuals verified unrecovered shortages of $40.00 or more must be repaid immediately by the employee or taken directly from the responsible employees [sic ] paycheck through the use of payroll deduction form.[3]
The defendant is responsible to payback the shortage as she was responsible due to her role as a supervisor and the shortage exceeded $40.00. The plaintiffs attempted to get the defendant to sign a wage assignment (as articulated by the variance policy) while the defendant was still employed. Compl. at 4. However, the defendant refused to sign. Id.
Although the sources of law identified by the plaintiffs are titled as a “manual” and a “policy,” they still have the force of law as they apply to the defendant. By accepting employment with the Ho-Chunk Nation De Jope Gaming, the defendant consented to being subject to the jurisdiction of the Ho-Chunk Nation. As an employee of the Ho-Chunk Nation, the defendant must adhere to the Employment Relations Act of 2004 (hereinafter *515 ERA). 6 HCC § 5.3.b. The ERA states that all employees must follow all “policies, rules, directives, and procedures enacted and established by the Nation or appropriate Executive Staff.” 6 HCC § 5.30.a. Therefore, the defendant is bound by the Ho-Chunk Nation Gaming Operations Class II Internal Control Manual and the Ho-Chunk Nation Class III Gaming Operations, Variance Policy for Class III Operations.[4]
The plaintiffs have satisfied the standard articulated in HCN R. Civ. P., Rule 55 to receive summary judgment. There is no genuine issue as to material fact in this case and the plaintiffs are entitled to a judgment as a matter of law. Therefore, the Court hereby grants summary judgment in favor of the plaintiffs and orders the defendant to pay the plaintiffs $682.50. The Court declines to grant additional attorneys fees and costs as requested by the plaintiffs in their Complaint.[5]
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Legislature authorized the effective manual by HCN Legislative Resolution 04-08-08 on April 8, 2008.

. The manual appears to treat a “bank” and a “cage” synonymously. The defendant failed to submit any evidence to the contrary.

.The plaintiffs submitted two different variance policies. However, the substance of each policy as it applies to this case is the same.

. The defendant did not provide any argument as to why the manual and policy should not apply to her.

. Thu Court previously denied attorneys fees due to inconsistent ease law. Mr. Chloris Lowe, Jr,, and Mr. Stewart J. Miller v. HCN Legislature et ai, 5 Am. Tribal Law 160 (HCN Tr.Ct.2004).